IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**VIVIAN WEST** *individually and as the* )
*natural parent and next friend of* )
**DAQUAN WEST** *(minor)*, )
)
     Plaintiff, )   **Case No. 3:25-cv-00562**
)   **Judge Aleta A. Trauger**
v. )
)
**WILLIAM GARLAND** *individually and* )
*doing business as Garlandscapes Outdoors* )
*& Renovations*, )
)
     Defendant. )

## MEMORANDUM

The plaintiff moves to remand this case to the state court from which it was removed. For the reasons set forth herein, the Motion to Remand (Doc. No. 8) will be denied.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff Vivian West, individually and as parent and next friend of minor Daquan West, sued defendant William Garland in the Circuit Court for Davidson County, Tennessee, for injuries caused to Daquan West, who was riding an electric scooter when the defendant hit him with his truck in a May 2024 collision. (*See* Doc. No. 1-1 ¶¶ 5, 8–13, 16–29.) On May 16, 2025, Garland timely removed this action under 28 U.S.C. §§ 1332 and 1441, on the basis of complete diversity of citizenship among the parties and the requisite amount in controversy. (Doc. No. 1 ¶¶ 5–6.) The plaintiff has filed a Motion to Remand (Doc. No. 8), accompanied by a Memorandum in Support (Doc. No. 8-1) and an Exhibit (Doc. No. 8-2), to which the defendant has filed a Response (Doc. No. 9) and in further support of which the plaintiff has filed a Reply (Doc. No. 10).

According to the plaintiff, on May 20, 2025—four days after removal—the defendant filed a separate action against the plaintiff in the Metropolitan General Sessions Court of Nashville-Davidson County, seeking recovery for personal injuries and property damage sustained in the same traffic incident. (Doc. No. 8-1 at 3 (citing Doc. No. 8-2).)

## II. LEGAL STANDARDS

Generally speaking, so long as a case filed in a state court could have originally been brought in federal court, it may be removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over matters between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). The party seeking removal must establish that the district court has original jurisdiction over the matter. *Bray v. Bon Secours Mercy Health, Inc.*, 97 F.4th 403, 409 (6th Cir. 2024). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Also, a party may move to remand based on a "defect other than lack of subject matter jurisdiction" within thirty days of removal. *Id.* Courts construe removal statutes narrowly because they implicate federalism concerns. *Nessel ex rel. People of Mich. v. Enbridge Energy, LP*, 104 F.4th 958, 970 (6th Cir. 2024). Any doubts are resolved in favor of remand. *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007).

## III. DISCUSSION

Technical defects that may warrant remand include untimeliness or a failure to obtain the consent of all properly joined and served defendants. *See, e.g.*, *Ohio ex rel. Petro v. Bulgartabac Holding Grp.*, 167 F. App'x 512, 515 (6th Cir. 2006) (untimeliness) (citing *Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 128 (1995)); *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 517 (6th Cir. 2003) (unanimity). But the plaintiff here concedes both that "the initial Complaint . . .

2

was removable at the time it was filed . . . and [that] Defendant's Notice of Removal . . . was procedurally proper." (Doc. No. 8 at 1.) Indeed, the parties are completely diverse and the amount in controversy requirement has been met. (Doc. No. 1-1 ¶¶ 1–4, Doc. No. 1-3 at 2.[1]) Thus, while the plaintiff ostensibly moves to remand under 28 U.S.C. § 1447(c), she concedes that removal was not defective. Instead, the plaintiff argues that, since removing the case on May 16, the defendant "has constructively waived his right to remove . . . by filing a subsequent, separate civil action against Plaintiff in the Metropolitan General Sessions Court of Davidson County, Tennessee." (Doc. No. 8 at 1.) The defendant argues that, because the court has jurisdiction and removal was procedurally proper, 28 U.S.C. § 1447(c) does not permit remand. (Doc. No. 9 at 2.)

The plaintiff asserts that "a defendant may constructively waive the right to remove by taking substantial action in state court that manifests a willingness to litigate on the merits." (Doc. No. 8-1 at 4 (quoting *Robertson v. U.S. Bank, N.A.*, 831 F.3d 757, 761 (6th Cir. 2016)). The plaintiff is right on the law. For example, in *Marshall v. RMH Franchise Holdings, Inc.*, the court granted a motion to remand because the defendant took several substantial actions indicating its willingness to litigate on the merits in state court. (*See* Doc. No. 10 at 2 (citing *Marshall v. RMH Franchise Holdings, Inc.*, No. 5:19-cv-039-JMH, 2019 WL 3877568, at *4 (E.D. Ky. Aug. 16, 2019)).) In *Marshall*, however, one defendant filed a crossclaim and all of the defendants engaged in discovery in state court before removing the action. 2019 WL 3877568, at *4. The court found that the defendants' actions constituted a constructive waiver of the right to remove the case and granted the motion to remand. *Id.*

---

[1] Because the Complaint did not specify the amount of compensatory damages, the defendant sought specification (Doc. No. 1-2), which the plaintiff provided (Doc. No. 1-3 ("no greater than $1,500,000")), and which meets the amount in controversy requirement.

But the waiver argument is inapplicable here. In this case, the plaintiff contends that the defendant constructively waived its right to remove by filing a separate action, *after* removal, arising out of the same traffic accident, against the plaintiff. (Doc. No. 8-1 at 4–6; Doc. No. 10 at 1–4.) The plaintiff has not cited, and the court has not located, any case where a court remanded on the basis that a defendant's filing of a separate state court action, *after* removal, constituted a waiver of the right to remove. Instead, "waiver may be found if the defendant takes some substantial offensive or defensive action in the state-court action, indicating a willingness to litigate in the state tribunal, *before* filing a notice of removal with the federal court." Wright & Miller, 14C Fed. Practice & Procedure § 3721 & n.99 (Rev. 4th ed.) (collecting cases) (emphasis added). Indeed, a "defendant may waive the right to remove by taking some such substantial defensive action in the state court *before* petitioning for removal," but "waiver by conduct does not exist when removal, as here, precedes any state court action." *Swartz v. DiCarlo*, No. 1:12-cv-3112, 2013 WL 942361, at *2 (N.D. Ohio Feb. 7, 2013) (quoting *Aqualon Co. v. Mac Equip. Inc.*, 149 F.3d 262, 264 (4th Cir. 1998), *abrogated in part on other grounds by Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 572 (2004)) (emphasis in *Aqualon*), *R. & R. adopted*, 2013 WL 942175 (N.D. Ohio Mar. 8, 2013). That is, a defendant cannot "waive a right that it had already exercised." *Aqualon*, 149 F.3d at 264.[2]

Whether the defendant's separate suit should have been brought as a Rule 13(a) compulsory counterclaim in federal court or is barred altogether by Tennessee's prior suit pending

---

[2] However, courts have remanded where the removing defendant failed to notify the federal court that the state court had improperly continued proceedings as to other parties following removal. *See, e.g.*, *Rosas v. Mich. Dep't of Health & Hum. Servs.*, No. 1:24-cv-11400, 2024 WL 5298284, at *3 (E.D. Mich. Nov. 20, 2024), *R. & R. adopted*, 2024 WL 5136894 (E.D. Mich. Dec. 17, 2024); *Direct Mortg. Corp. v. Keirtec, Inc.*, 478 F. Supp. 2d 1339, 1340 (D. Utah 2007). In this case, however, there are no other defendants, and the state court action has not proceeded, so far as the court is aware.

doctrine, as the plaintiff argues (Doc. No. 8-1 at 5–6, 8–9), has no bearing on the issue of remand. The court similarly declines to address other arguments the parties have raised, because the foregoing analysis is dispositive.

## IV. CONCLUSION

For the foregoing reasons, the Motion to Remand (Doc. No. 8) will be denied. An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge